UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MARCUS TERRY DIXON,
    Plaintiff,

vs.                                                                     02-4104

MEG, et.al.,
    Defendants.

## ORDER

This cause is before the court for consideration of Defendants Jeff Collins, Jeff Hayes and Rebecca Sargeant's motion for summary judgement. [d/e 65] The court has previously dismissed Defendant Quad-City Metropolitan Enforcement Group and has granted Defendant Dove's motion for summary judgement. *See* March 16, 2005 Court Order.

The plaintiff claims that Defendant Collins, Hayes and Sargeant violated his constitutional rights when they illegally searched his apartment on February 23, 2001. The plaintiff says the defendants obtained the search warrant through fraudulent means. He also says the defendants seized items that were beyond the scope of the search warrant including a cellular phone, utility bills and cash.

## FACTS

The plaintiff did not respond to the defendants' statement of undisputed facts. Therefore, the following facts are taken from the defendants' motion for summary judgment and the plaintiff's response.

On February 21, 2001, Defendant Collins prepared a complaint for a search warrant. Officer Collins at the time was a Rock Island Police Officer assigned to work with the Quad-City Metropolitan Enforcement Group. His job duties included the investigation of the illegal sale, distribution, possession and trafficking of controlled substances. Officer Collins had received information from other officers that the plaintiff was selling cannabis from his residence at 2375 9th Avenue, Apartment 3 in Rock Island, Illinois.

On January 26, 2001, Officer Collins and another law enforcement agent searched the trash from the plaintiff's residence. The officers found a substance that was field tested as cannabis and also found indications that the plaintiff did live at the residence. Based on this

evidence, the Circuit Court of Rock Island County found probable cause for the search of the plaintiff's residence.

On February 23, 2001, the defendants raided and searched the plaintiff's residence. An inventory shows .72 grams of suspected rock cocaine, "indicia for Marcus Dixon," a cell phone and $225 dollars were taken from the scene.

The defendants say that Officer Collins was the only officer responsible for obtaining the search warrant and seizing items from the plaintiff's residence. Defendants Hayes and Sargeant say they did not seize any of the items on the inventory list. In addition, they both state that they had no reason to believe the search warrant was not valid. The plaintiff disputes this claim. The plaintiff says he saw Officer Hayes take his wallet and Officer Sargeant take his financial documents.

## II. LEGAL STANDARD

The entry of summary judgment is proper only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56©). A "material fact" is one that "might affect the outcome of the suit." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the nonmoving party. Id.

A party moving for summary judgment initially has the burden of showing the absence of any genuine dispute of material fact based on the evidence. Adickes v. S.H. Kress & Co., 398 U.S. 144, 153 (1970); Schroeder v. Barth, Inc., 969 F.2d 421, 423 (7th Cir. 1992). A nonmoving party cannot rest on its pleadings, but must demonstrate that there is admissible evidence that will support its position. Tolle v. Carroll Touch, Inc., 23 F.3d 174, 178 (7th Cir. 1994). The evidence and all reasonable inferences drawn therefrom are viewed in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255. Nonetheless, "(s)ummary judgement is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgement must be granted." Jones v. Johnson, 26 F.3d 727, 728 (7th Cir. 1994).

## III. ANALYSIS

The defendants first argue that the plaintiff has failed to show that Defendants Hayes or Sargeant had any personal involvement with the plaintiff's allegations. A defendant cannot be held liable under 42 USC §1983 unless the plaintiff can demonstrate that the defendant's caused or participated in the alleged constitutional violation. McBride v. Soos, 679 F.2d 1223, 1227 (7th Cir. 1982).

Defendants Hayes and Sargeant clearly were not involved in obtaining the search warrant and there is no evidence before this court that either defendant would have any reason to believe the warrant was defective. There does appear to be a factual dispute over who confiscated items during the search. Nonetheless, there is simply no evidence before this court that there was anything wrong with the search warrant or its execution.

An officer procuring a warrant has qualified immunity with respect to his actions in the application of the warrant. *See* Malley v. Briggs, 475 U.S. 335, 344 (1986).  The officer is immune from a suit for damage unless it can be show that the ""warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." Id. At 344-345.  For instance, a plaintiff could sue if either the officer did not inform the judge of facts that would negate probable cause or  the officer recklessly disregards the truth in his representations to the judge. Olson v. Tyler, 825 F.2d 1116, 1121 (7th Cir. 1987).  There has been no such showing in this case.  There is no evidence that Defendant Collins lacked probable cause when he obtained the warrant.  There is also no evidence that Defendants Hayes and Sargeant had any reason to doubt the validity of the search warrant.  The items seized were also appropriate.  The motion for summary judgement is granted.

### JOHN DOE DEFENDANTS.

The only remaining defendants are three "John Doe" police officers.  The plaintiff has described these individuals as officers who assigned in the execution of the search warrant.  The plaintiff has never identified these individuals and consequently, they have never been served.  In addition, there is no evidence to support the plaintiff's claims that the search warrant was improperly obtained or executed.  The defendants are dismissed.

**IT IS THEREFORE ORDERED that:**

**1) Defendants Collins, Hayes and Sargent's  motion for summary judgement is granted pursuant to Fed. R. Civ. P. 56. [d/e 65]  The Clerk of the Court is directed to enter judgment in favor of the defendants in accordance with this order.  The parties are to bear their own costs.**

**2) The three John Doe defendants are also dismissed for lack of service of process. . This case is terminated.**

**3) The agency having custody of the plaintiff is directed to remit the docketing fee of $150.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $150.00 in his trust fund account, the agency must send**

**20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $150.00 is paid in its entirety. The filing fee collected shall not exceed the statutory filing fee of $150.00.**

**4) The plaintiff is responsible for ensuring the $150.00 filing fee is paid to the clerk of the court even though his case has been dismissed. Release from incarceration does not relieve the plaintiff of his obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.**

**5) The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the Trust Fund Office.**

Enter this 15th day of February, 2006.

                                              s\Harold A. Baker

                                    _____
                                        HAROLD A. BAKER
                                  UNITED STATES DISTRICT JUDGE